UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ANTIONE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3262 |
| | ) | |
| DR. THOMAS BAKER, et al., | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, pursues claims for excessive force and the denial of medical care for injuries suffered therefrom. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be

1

granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id. (*quoting* Bell Atlantic, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56). However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

On November 11, 2011, Correctional Officer Robinson ordered Plaintiff out of gym line, mistakenly believing that Plaintiff had said something derogatory about prison guards. In response to Plaintiff's protests of innocence, Officer Robinson wrenched Plaintiff's arms behind Plaintiff's back, causing Plaintiff's shoulder to "pop." Then Robinson escorted Plaintiff to segregation where Robinson proceeded to "punch, stomp, and kick" Plaintiff in the ribs and throw Plaintiff around the cell.

Later that day, Lieutenant Korte and Sergeant Gregerson ignored Plaintiff's pleas for medical attention. Several days later the adjustment

committee members also ignored Plaintiff's pleas for medical attention. Plaintiff continued to seek help for his pain and injuries, but Defendants ignored him, made false promises of help, or told him to sign up for sick call. On November 22, eleven days after the excessive force, Plaintiff was taken to health care and received x-rays. He received no meaningful treatment from Dr. Baker. Several months later, Plaintiff was diagnosed with an acromioclavicular joint problem and inflammation in his left rib. Plaintiff believes that the excessive force and lack of medical care has caused him permanent physical injury and disfigurement. Plaintiff seeks damages and to be sent to a specialist.

## ANALYSIS

To state an Eighth Amendment excessive force claim a prisoner must allege facts to suggest that the force applied amounted to the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5, 7 (1992)(*citing* Whitley v. Albers, 475 U.S. 312 (1986)). That is, the force must have been applied "maliciously and sadistically for the very purpose of causing harm." Id. Force applied "in a good-faith effort

to maintain or restore discipline" does not violate the Eighth Amendment.  Id.

Plaintiff's allegations clearly state an Eighth Amendment claim against Officer Robinson.  A plausible inference arises that Robinson used unnecessary force for the very purpose of harming Plaintiff.

Plaintiff also states an Eighth Amendment claim for deliberate indifference to the injuries and pain he suffered from the excessive force. An inference that Plaintiff had serious medical needs arises from his description of the excessive force and his subsequent pain.  Gomez v. Randle, 680 F.3d 859, 865 (7th Cir. 2012)(A condition can be considered serious if, without treatment, the plaintiff suffered "'further significant injury or unnecessary and wanton infliction of pain.'")(quoted cites omitted).  An inference of deliberate indifference arises from Plaintiff's allegations that Defendants ignored his pleas for medical attention. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)(deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need).  Which

Defendants, if any, were personally responsible for the denial of medical attention should await a developed factual record.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for November 19, 2012 is cancelled. The clerk is directed to notify Plaintiff's prison of the cancellation.

2) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal claims: 1) Eighth Amendment claim for excessive force against Defendant Robinson; and, 2) Eighth Amendment claim against all Defendants for deliberate indifference to Plaintiff's serious medical needs caused by the alleged excessive force.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint;

and, 4) this order.

4)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to serve that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for serving said Defendant. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6)  Defendants shall file an <u>answer</u> within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and

subsequent pleadings shall be to the issues and claims stated in this Opinion.

7) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and Plaintiff shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be struck by the Court.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) This cause is set for further scheduling procedures under Fed. R.

Civ. P. 16 on January 28, 2013 at 1:30 PM by telephone (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough by telephone conference. The conference will be cancelled if service has been accomplished and no pending issues need discussion. Accordingly, no writ will issue for Plaintiff's presence unless directed by the Court.

10) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

11) Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: November 14, 2012
FOR THE COURT:

                                        s/Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE